Safford, Supt. of Ins., *v.* Metropolitan Life Ins. Co.

(Decided October 15, 1928.)

*Mr. Edward C. Turner,* attorney general, and *Mr. C. S. Younger,* for plaintiff in error.

*Messrs. Vorys, Sater, Seymour & Pease,* for defendant in error.

KUNKLE, J.   Defendant in error, plaintiff below, in its petition states that it is a corporation duly organized under the laws of the state of New York, and authorized under the laws of such state to transact the business of life, health, and accident insurance; that it is a mutual company without capital stock, and is owned and controlled by its policyholders; that it was duly authorized to transact such business in the state of Ohio under authority of the laws of said state in the year 1869, and since said year has complied with all the laws of said

state, and has been and now is duly authorized to transact said business in the state of Ohio by the licenses annually issued to it.

The petition recites in detail the large volume of business which it transacts in this state, the premiums upon which are payable annually, semiannually, quarterly, monthly, and weekly; that the said company was so licensed in this state in the calendar year 1926, and within 60 days after January 1, 1927, duly filed with the superintendent of insurance its annual statements for its life, accident, and health business, as required by Section 5432, General Code of Ohio, and sets forth the gross amount of premiums received by it from policies covering risks within said state during the year 1926. The gross amount of premiums so received by said company in said state in the year 1926, as set forth in its annual statement was $25,187,253.34, and the total amount of return premiums so paid by the company to cancellations in the state in the year 1926, and so set forth in said annual statement, was $6,421,-060.

The petition states that William C. Safford is the duly appointed and qualified superintendent of insurance of the state of Ohio, and is duly authorized by the laws of the state to see that the laws relating to insurance are duly executed and enforced; that the General Assembly of the state of Ohio in April, 1904, passed an act which was in effect, with no substantial change, until the amendment of May 11, 1927, hereinafter referred to, which provided for a tax to be paid said state by every insurance company, incorporated by authority of another state or government, for the privilege of doing business

in said state, and that for the privilege of doing business in the state every such company, in each calendar year, should pay to the state, in the month of November in the year succeeding the calendar year during which the privilege had been exercised, a tax computed at the rate of 2½ per cent, upon the net premiums of the company received in said state, during such preceding calendar year.

On May 11, 1927 (112 Ohio Laws, 429), an act was passed by the General Assembly of Ohio, and became effective August 22, 1927, entitled as follows: "An Act amending Section 5433 of the General Code, relative to the levying of an increase tax on the gross premiums of foreign insurance companies and repealing original Section 5433 of the General Code."

The section, as amended, reads as follows:

"If the superintendent of insurance finds such report to be correct prior to the month of November in each year he shall compute an amount of three per cent of the balance of such gross amount after deducting such return premiums and considerations received for reinsurance as shown by the next preceding annual statement and charge them to such company as a tax upon the business done by it in this state for the period shown by such annual statement, which amount shall be paid by each such company to the treasurer of state in the month of November next succeeding. All taxes so collected shall be credited to the general revenue fund of the state."

The amendment consisted solely in changing the words "two and one-half" to "three" per cent.

This suit was brought by defendant in error upon

behalf of itself and all other companies similarly situated.

The petition asks that the plaintiff in error be enjoined from charging or attempting to charge foreign insurance companies 3 per cent. instead of 2½ per cent. of the balance of the gross premiums in said state, after deducting return premiums and considerations received for reinsurance for the year 1926.

Plaintiff in error filed a demurrer to the petition, which was overruled by the trial court. Plaintiff in error not desiring to plead further, final judgment was rendered in favor of defendant in error.

From such judgment of the court of common pleas error is prosecuted to this court.

Counsel have favored the court with very helpful briefs in which the various acts of the Legislature, and the decisions of this and neighboring states upon somewhat similar questions are presented and reviewed.

We shall not attempt to review these authorities in detail, but will content ourselves with merely announcing the conclusion at which we have arrived after a careful consideration of the averments of the petition and of the authorities reviewed by counsel in their briefs.

In brief, the defendant in error claims that the charge for the privilege of doing business in the state of Ohio for the year 1926 should be computed as the law stood during the year 1926, when the business was transacted, and under which the defendant in error and all other companies similarly situated were required to make a report to the plaintiff in error within 60 days after January 1, 1927, of all

business so transacted during the year 1926. Their contention is that to levy an increased tax in 1927 of one-half of one per cent. upon the business transacted by such company during the year 1926 is retroactive and in violation of the provisions of our Constitution.

Section 28, Article II, of the Constitution of Ohio, provides:

"The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts."

The text-books and reports are replete with definitions of what does or does not constitute a retroactive law.

We think the definition of Justice Story is quite comprehensive and fully covers the situation. This definition is:

"Every statute which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective."

It is urged in behalf of the constitutionality of this law that so much of the act as refers to the premiums for business transacted in 1926 is a mere yardstick or tape for the ascertainment of the operation of the new law, and should not be considered as affecting its constitutionality.

This would undoubtedly be true if the amendment had not by its terms fixed the time for which the tax was to be applied. The amended act expressly provides that the increased charge shall operate "as a

tax upon the business done by it in this state for the period shown by such annual statement.''

This would necessarily refer to the preceding year, and, as the tax was so charged, it would in our opinion be retroactive. Under the Constitution of Ohio such a retroactive law is void and of no effect.

In our opinion, the superintendent of insurance is without authority to enforce such increased tax upon the business transacted during the year 1926, but which was not entered upon the tax duplicate until the year 1927.

The judgment of the lower court will be affirmed.

*Judgment affirmed.*

FERNEDING and ALLREAD, JJ., concur.